**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MERCH TRAFFIC, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY,<br><br>    Defendants. | No. 26cv3738 (EP) (AME)<br><br>**PRELIMINARY INJUNCTION AND SEIZURE ORDER** |

Plaintiff Merch Traffic, LLC ("Plaintiff") having moved for a preliminary injunction to enjoin Defendants from manufacturing, distributing. selling or holding for sale any clothing, jewelry, photographs, posters, and other merchandise (collectively, the "Infringing Merchandise") and to seize the same bearing the federally registered trademarks, service marks, likenesses, logos, and other indicia of the trademarks **"BRUCE SPRINGSTEEN & THE E STREET BAND"** **"BRUCE SPRINGSTEEN"** or **"E STREET BAND"** (the "Group's Trademarks") and Plaintiff's application having come on for a hearing before the Honorable Evelyn Padin on the 11th day of April, 2026, at the United States Courthouse for the District of New Jersey, 50 Walnut Street, Newark, New Jersey, and Plaintiff having appeared by its attorneys, and there having been no other appearances,

Now, on presentation and consideration of Plaintiff's proposed preliminary injunction and seizure order, Plaintiff's Complaint, D.E. 1, Plaintiff's Memorandum of Points and Authorities, D.E. 4-2, the Declaration of Emily Holt, D.E. 4-7, the Certificate of Counsel Cara R. Burns, D.E. 4-3, and all other relevant filings and arguments of counsel at said hearing, the Court hereby finds:

1.      By reason of the substantial and continuous use of the Group's Trademarks in connection with the Group's work as performers, said marks have acquired meanings identified with the Group and with products and services associated with them;

2.      The defendants and those in active concert or participation with defendants, have infringed upon Plaintiff's rights in the Group's Trademarks, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the Group's Trademarks at or near the sites of the Group's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3.      Defendants' acts, and those in active concert or participation with them, constitute a violation of the U.S. Trademark Act in that they: a) involve goods or services; b) are activities which affect interstate commerce; and c) infringe the trademarks and/or bear a false designation of the source or origin of such goods or are

2

likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Group with respect to such goods; and

4.     Defendants, and those in active concert or participation with them, will continue to sell such infringing merchandise unless enjoined by the Court.

**IT IS,** on this 13th day of April, 2026, for good cause shown,

**ORDERED** that defendants, their agents, employees, representatives, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A)     Using any or all of the Group's Trademarks, in connection with the sale, offering for sale, distribution, and/or advertising of any clothing or other merchandise;

(B)     Manufacturing, distributing, selling, and/or holding for sale any clothing or other merchandise which uses any or all of the Group's Trademarks; or

( c)     Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined herein; and it is further

**ORDERED** the United States Marshal for this District or for any district in which Plaintiff enforces this Order, the state police, local police, local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision

3

are hereby authorized to seize and impound any and all infringing merchandise bearing any or all of the Group's Trademarks which Defendants attempt to sell or are holding for sale, including from any carton, container, vehicle, or other means of carriage in which the Infringing Merchandise is found from four hours before to four hours after any performance of the Group within a four mile vicinity of the halls, stadiums or arenas at which the tour shall be performing; and it is further

**ORDERED** that the bond to be deposited by April 16, 2026 with the Clerk of this Court to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and any damages sustained by any party found to have been wrongfully enjoined thereby is continued until final disposition of this matter; and it is further.

**ORDERED** that this Order is conditioned upon Plaintiff's advancement to law enforcement officers such sum as is required by the same to cover the fees for their said services in the event Plaintiff seeks their services in this or any district; and it is further

**ORDERED** that service of a copy of this Order together with the Complaint upon which it is based, be made upon Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen years not a party to this action selected for that purposed by the Plaintiff, at the time of

4

seizure provided herein is effected and that such service shall be deemed good and sufficient; and it is further

**ORDERED** that the process server shall offer a receipt to each person from whom goods are seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise; and it is further

**ORDERED** that Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant; and it is finally

**ORDERED** that any Defendant who is hereafter served with a copy of this Order who objects to the provisions herein may submit his or her objections to this Court or otherwise move for relief from this Court within ten (10) days of the date of seizure according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms hereof unless otherwise ordered by this Court.

_____
    Evelyn Padin, U.S.D.J.

5